UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5458 PA (VBKx) | Date | July 15, 2014 |
|---|---|---|---|
| Title | Patrick B. Jones, et al. v. DePuy Orthopaedics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants DePuy Orthopaedics, Inc., DePuy Synthes, Inc. (formerly known and erroneously sued as DePuy, Inc.), Johnson & Johnson Services, Inc., and Johnson & Johnson (collectively "Defendants"). Defendants asserts that this Court has jurisdiction over the action brought against it by plaintiffs Patrick B. Jones and Robin L. Jones (collectively, "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

I.     Legal Standard: Removal & Fraudulent Joinder

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5458 PA (VBKx) | Date | July 15, 2014 |
|---|---|---|---|
| Title | Patrick B. Jones, et al. v. DePuy Orthopaedics, Inc., et al. | | |

"[A] professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986).

For purposes of diversity, Plaintiffs are citizens of Nebraska, DePuy Orthopaedics, Inc. is a citizen of Indiana and DePuy Synthes, Inc. (formerly known and erroneously sued as DePuy, Inc.) is a citizen of Indiana and Delaware. Johnson & Johnson Services, Inc., and Johnson & Johnson are citizens of New Jersey. Co-defendants Thomas P. Schmalzried, M.D. and Thomas P. Schmalzried, M.D., a Professional Corporation (collectively "Dr. Schmalzried"), who did not join in the Notice of Removal, are citizens of California. (See Compl. ¶¶ 13-14.) At first glance, then, the Notice of Removal is procedurally defective pursuant to the rule that all defendants in the state court action must join in the petition for removal. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002). Had Dr. Schmalzried joined in the Notice of Removal, removal would be procedurally improper based on the "local defendant" rule, which provides that removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendants argue, however, that Dr. Schmalzried's presence in this action should be ignored because he has been fraudulently joined.

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity and the propriety of removal. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against that defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citation omitted).

Having considered the Notice of Removal, the Court finds that Defendants have not carried their heavy burden to demonstrate that Dr. Schmalzried is fraudulently joined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5458 PA (VBKx) | Date | July 15, 2014 |
|---|---|---|---|
| Title | Patrick B. Jones, et al. v. DePuy Orthopaedics, Inc., et al. | | |

II.     Analysis

Plaintiff Patrick B. Jones is the recipient of a hip implant (the "Pinnacle Hip") manufactured by Defendants.  He alleges that he has suffered debilitating injury due to defects in the design and manufacture of the Pinnacle Hip.  Plaintiffs' Complaint brings the following causes of action against Defendants and Dr. Schmalzried: (1) strict liability - manufacturing defect; (2) strict liability - failure to warn; (3) negligence - design defect; (4) negligence - failure to recall/retrofit; (5) negligence - failure to warn; (6) breach of implied warranty; (7) breach of express warranty; (8) negligent misrepresentation; (9) intentional misrepresentation; (10) constructive fraud; (11) negligent infliction of emotional distress; and (12) loss of consortium.  In their Notice of Removal, Defendants raise a number of arguments as to why the case against Dr. Schmalzried must fail and removal is therefore proper.  After careful review of Defendants' Notice of Removal, the Court finds that, at a minimum, Plaintiffs' negligence claim against Dr. Schmalzried adequately states a cause of action.  Additionally, Defendants have not established that Plaintiffs would not be afforded an opportunity to amend their Complaint to cure the potential pleading deficiencies identified by Defendants.

Defendants assert that, under California's choice-of-law rules, Plaintiffs' claims are governed by the laws of Nebraska, where Mr. Jones received his hip implant and allegedly suffered injury as a result.  Contrary to Defendants' assertion that California's choice-of-law rules require the application of Nebraska law, California's choice-of-law analysis requires a careful weighing of competing state interests, of which the location where Mr. Jones received his hip implant and suffered his injuries would be an important, but not necessarily dispositive, consideration.  See Paulo v. Bepex Corp., 792 F.2d 894, 896-95 (9th Cir. 1986).  Thus, it is far from clear that Nebraska law applies here.

Assuming *arguendo* that Nebraska law governs this action, Defendants' Notice of Removal fails to carry the heavy burden of demonstrating that Dr. Schmalzried was fraudulently joined.

    A.    Negligent Failure to Warn

Defendants argue that, under Nebraska law, Plaintiffs' negligence claim fails because Dr. Schmalzried, a nonmanufacturer, owes Plaintiffs no duty of care.  The Complaint alleges that Dr. Schmalzried – through his professional corporation, TPS Corp. – "designed the hip implant that is the subject of this lawsuit." (Compl. ¶ 14.)  Moreover, Dr. Schmalzried allegedly received millions of dollars in royalty income for his role in helping design and market the Pinnacle Hip.  (Id.)  Defendants acknowledges that Dr. Schmalzried was involved in the design of the Pinnacle Hip.  Plaintiffs further allege that Dr. Schmalzried was a "product champion" of the Pinnacle Hip, and that he actively participated in the aggressive marketing and promotion of the Pinnacle Hip, thereby inducing physicians to purchase and use the product.  Despite knowing of defects in the design of the Pinnacle Hip, the Complaint alleges, Dr. Schmalzried failed to disclose that knowledge to either Defendants (the manufacturer), Plaintiffs, or his physician.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5458 PA (VBKx) | | Date | July 15, 2014 |
|---|---|---|---|---|
| Title | Patrick B. Jones, et al. v. DePuy Orthopaedics, Inc., et al. | | | |

Taking these allegations as a whole and resolving all ambiguities in Plaintiffs' favor, the Complaint adequately states a cause of action for negligent failure to warn under Nebraska law. Nebraska has adopted the definition of negligent failure to warn found in the Restatement (Second) of Torts § 388 (1965). See Erickson v. U-Haul Int'l, Inc., 274 Neb. 236, 738 N.W.2d 453, 460 (Neb. 2007) (citing Restatement (Second) of Torts § 388 (1965)).

Defendants submit a declaration from Dr. Schmalzried stating that he was merely one of eight physicians who acted as consultants in the design process. If true, this might affect whether Dr. Schmalzried owes any legal duty to Plaintiffs. It is not the role of this Court, however, to resolve factual disputes of this nature when determining the propriety of removal. It is enough that the Complaint itself plausibly alleges that Dr. Schmalzried designed the Pinnacle Hip and failed to adequately warn of defects in that design. Accordingly, Plaintiffs have stated a possible claim for negligence under Nebraska law. Because the Court concludes that Plaintiffs have alleged at least one viable claim, it need not address Defendants' arguments concerning the viability of Plaintiffs' remaining claims.

      B.      Federal Preemption

Defendants also argue that, in any event, Plaintiffs' claims premised on a failure to warn are preempted pursuant to PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011). In Mensing, the U.S. Supreme Court held that because generic manufacturers of pharmaceuticals approved by the Food and Drug Administration ("FDA") have no power to effectuate unilaterally a label change – being instead required by law to use the same label and warnings as those approved by the FDA with respect to the brand-name version of the drug – the plaintiffs' state law claims premised on a failure to warn theory were preempted. Defendants seek to extend the holding of Mensing well beyond generic manufacturers of pharmaceuticals, to designers of medical products who allegedly played an integral role in the marketing of the product. The theory of Plaintiffs' Complaint, fairly read, is that Dr. Schmalzried, as designer of the Pinnacle Hip, failed to warn users *and* Defendants of known risks of the design. Unlike the generic drug manufacturers in Mensing, "taking [Plaintiffs'] allegations as a whole and resolving all ambiguities in Plaintiffs' favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip." Shelton v. DePuy Orthopaedics, Inc., 2011 U.S. Dist. LEXIS 138246, at *9-11 (C.D. Cal. Dec. 1, 2011) (remanding for no fraudulent joinder under California law). Thus, Dr. Schmalzried's control over the content of the warnings is qualitatively different from that of the generic manufacturers in Mensing, who by law were required to duplicate the warnings already approved by the FDA. No such obligation, however, is placed by law on Dr. Schmalzried. Thus, Plaintiffs' claims are not preempted pursuant to Mensing.

**Conclusion**

Since Defendants have failed to meet their heavy burden of showing that Dr. Schmalzried was fraudulently joined, this action may not be removed because defendant is a citizen of the State in which the action is brought and Plaintiffs are not diverse from all defendants. Neither the "four corners" of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5458 PA (VBKx) | Date | July 15, 2014 |
|---|---|---|---|
| Title | Patrick B. Jones, et al. v. DePuy Orthopaedics, Inc., et al. | | |

Complaint nor the Notice of Removal contain sufficient allegations concerning § 1332's requirements. Therefore, Defendants have not met their burden to establish this Court's jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC544206, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.